UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: VITO A. FESLER and<br>TONI L. FESLER,<br>AKA TONI L. CARUCCI,<br>    Debtors | : | CHAPTER 13 |
| JACK N. ZAHAROPOULOS,<br>STANDING CHAPTER 13 TRUSTEE,<br>    Movant | : | |
| vs. | : | |
| VITO A. FESLER and<br>TONI L. FESLER,<br>AKA TONI L. CARUCCI,<br>    Respondents | : | CASE NO. 5:24-bk-03153-MJC |

TRUSTEE'S OBJECTION TO CHAPTER 13 PLAN

AND NOW, this 24th day of February 2025, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, who objects to the confirmation of the above-referenced Debtors' Plan for the following reasons:

1. The Debtors' Plan violates 11 U.S.C. §§ 1322(a)(1) and 1325(b) in that the Debtors have not submitted all or such portion of the disposable income to the Trustee as required. More specifically,

the Trustee alleges and avers that the Debtors' disposable income is greater than that which is committed to the Plan based upon disposable income on Schedules I and J and specifically disputes the following amounts:

    a. Line 21 on Schedule J is not an expense of the Debtors.

2. The Trustee avers that the Debtors' Plan is not feasible based upon the following:
   a. The Plan is underfunded relative to claims to be paid.
   b. The Plan proposes an unrealistic and speculative step payment, contrary to § 1325(a)(6).
   c. The Debtor is unable to make payments under the Plan, contrary to §1325(a)(6).
   d. Secured Claims 4 and 8 arrears are not in the Plan.
   e. The Plan is ambiguous as to the term. The end year should be 2029.

3. The Debtors' Plan violates 11 U.S.C. § 1325(a)(4) in that the value of property to be distributed under the Plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate were liquidated under Chapter 7. More specifically, the Debtors have excess non-exempt equity in the following:

    a. Injury or other claim listed on Schedule B.

WHEREFORE, the Trustee alleges and avers that the Debtors' Plan cannot be confirmed, and therefore, the Trustee prays that this Honorable Court will:

    a. deny confirmation of the Debtors' Plan;
    b. dismiss or convert the Debtors' case; and
    c. provide such other relief as is equitable and just.

Respectfully submitted:

Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

CERTIFICATE OF SERVICE

    AND NOW, this 24th day of February 2025, I hereby certify that I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Hummelstown, Pennsylvania, postage prepaid, first-class mail, addressed to the following:

Timothy B. Fisher, II, Esquire
Fisher and Fisher Law Offices
P.O. Box 396
Gouldsboro, PA 18424

                /s/Tammy Life
                Office of Jack N. Zaharopoulos
                Standing Chapter 13 Trustee